IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE CURRAN, <br> and PEOPLE OF THE STATE OF <br> ILLINOIS ex rel. CHRISTINE CURRAN, <br><br> Plaintiffs, <br><br> vs. <br><br> MINTOM LLC; <br> WALINSKI & ASSOCIATES, P.C.; <br> and ROBERT J. WALINSKI; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Christine Curran and People of the State of Illinois ex rel. Christine Curran bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Mintom LLC; Walinski & Associates, P.C.; and Robert J. Walinski. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because all defendants are located here and all of the events complained of occurred here.

### PARTIES

4. Plaintiff Christine Curran is a resident of the Northern District of Illinois.

5. Defendant Mintom LLC is a limited liability company chartered under Illinois law with offices at 221 N. LaSalle Street, Suite 1000, Chicago, IL 60602.

6. Mintom LLC has one manager, defendant Robert J. Walinski.

1

7. Defendant Walinski & Associates P.C. is a law firm organized as an Illinois professional corporation with offices at 221 N. LaSalle Street, Suite 1000, Chicago, IL 60602. It was formerly known as Walinski & Trunkett, P.C. Its name was changed on April 10, 2009.

8. Defendant Robert J. Walinski is the sole officer of Walinski & Associates P.C.

9. Under Illinois Supreme Court Rule 721(b), "Any attorney who by act or omission causes the [professional] corporation . . . to act in a way which violates standards of professional conduct, including any provision of this rule, is personally responsible for such act or omission and is subject to discipline therefor."

10. Under Rule 721(d), "Unless the corporation . . . maintains minimum insurance or proof of financial responsibility in accordance with Rule 722, the articles of incorporation . . . shall provide, and in any event the shareholders of the corporation . . . shall be deemed to agree by virtue of becoming shareholders . . . that all shareholders . . . shall be jointly and severally liable for the acts, errors, and omissions of the shareholders . . . and other employees of the corporation . . . arising out of the performance of professional services by the corporation . . . while they are shareholders . . . ."

11. The business of Mintom consists of acquiring and collecting delinquent consumer debts, mostly reduced to judgment. (Appendix A)

12. Mintom uses the mails and telephone system in collecting debts.

13. Mintom is a debt collector as defined in the FDCPA.

14. Mintom once had a license as a collection agency under the Illinois Collection Agency Act, but allowed such license to lapse in 2013. (Appendix B)

15. Walinski & Associates, P.C., states on its web site (http://www.walinskilaw.com/) that it is "A Creditors' Rights Law Firm Serving Lenders and Financial Businesses."

16. The web site further states: "Walinski & Associates, P.C., located in Chicago, Illinois, represents creditors, lenders, and financial institutions of every size, in cities and counties throughout northern Illinois. Whether your business needs to collect unpaid debt from

another company or individual, or you feel you may be in need of a creditors' rights litigation attorney to represent your business in court, we offer decades of experience to create legal solutions, customized to meet your needs."

17. Walinski & Associates, P.C., and Walinski use the mails and telephone system in collecting debts.

18. Walinski & Associates, P.C., and Walinski are each a debt collector as defined in the FDCPA.

## FACTS

19. In 2007, Chase Bank USA, N.A., filed a lawsuit against plaintiff on a credit card debt and in September 2007, obtained a default judgment. *Chase Bank v. Curran,* 07 M1 132651 (Circuit Court of Cook County). A copy of the judgment is attached as Appendix C.

20. Plaintiff's husband was not a defendant in 07 M1 132651. The judgment was solely against Christine Curran.

21. The credit card had been used for personal, family and household purposes and not for business purposes.

22. Chase Bank recorded a memorandum of the judgment.

23. Plaintiff did not own any real estate in 2007-2009.

24. Plaintiff quitclaimed her interest in the family home to her husband on October 16, 2001. (Appendix D)

25. Since the judgment debtor, plaintiff, owned no real estate at the time the judgment was entered and recorded, the lien of the judgment did not attach to anything.

26. In June 2008, Walinski & Trunkett, P.C., now Walinski & Associates, P.C., filed a motion stating that:

    a. Chase Bank USA, N.A., has assigned the judgment to Walinski & Trunkett, P.C.;

    b. Walinski & Trunkett, P.C., assigned the judgment to Mintom LLC;

3

   c.  Mintom LLC should be substituted as the plaintiff, with Walinski & Trunkett, P.C., as its attorney. (Appendix E)

27. The motion was allowed by order of June 10, 2008 (Appendix F).

28. In 2008, the financial situation of plaintiff and her husband was such that they were forced to file bankruptcy. 08 B 132651 (N.D.Ill.). The petition was originally filed under Chapter 13, and converted to a Chapter 7 on April 29, 2009.

29. The Chase debt was scheduled in the bankruptcy. (Appendix G)

30. Plaintiff and her husband received a discharge, including the Chase debt, on August 11, 2009. (Appendix H)

31. Walinski & Trunkett, P.C., had participated in the bankruptcy case.

32. Notice of the discharge was provided to Walinski & Trunkett (Appendix I).

33. In January 2015, a "Petition to Revive Judgment In Rem" was filed and served on plaintiff. (Appendix J) The plaintiff is listed as "CHASE BANK USA N.A., MINTOM, LLC." The attorney for the plaintiff is Walinski & Associates P.C., which is the same entity as Walinski & Trunkett, with a name change.

34. The only legitimate purpose of such a petition is to enforce any lien that survived the bankruptcy discharge.

35. Since plaintiff did not own any real estate at the time of the judgment or the bankruptcy, and the debt was discharged, there is no lien to be enforced.

36. The purpose and effect of the "Petition to Revive Judgment In Rem" filed by defendants is to:

   a.  Create a legal proceeding against plaintiff on a debt discharged in 2009 that will show up in public records with a 2015 date;

   b.  Tend to coerce payment of a discharged debt;

   c.  Thereby deprive plaintiff of her "fresh start" under the Bankruptcy Code.

37. The Petition stated that "there remains due and owing to the Plaintiff by the

Defendant the amount of $17,038.87" and that "Interest continues to accrue at the rate of $2.57 per day . . . ."

38. These statements were false, since the debt had been discharged.

39. Further, since Mintom's collection agency license had lapsed, defendants were not entitled to conduct any collection activity.

40. The Petition did not disclose that the debt had been discharged or that Mintom was not licensed.

41. As a result of the filing, plaintiff was injured, in that:

    a. She was deprived of her "fresh start";

    b. She suffered aggravation and distress;

    c. She spent time and money dealing with the collection attempt, appearing in response to the Petition.

## COUNT I – FDCPA

42. Plaintiff Christine Curran incorporates paragraphs 1-41.

43. This claim is against all defendants.

44. Defendants violated 15 U.S.C. §§1692d, 1692e and 1692f by filing the Petition.

45. Section 1692d provides:

> **§ 1692d.    Harassment or abuse [Section 806 of P.L.]**
>
> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .**

46. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>     **(2)    The false representation of--**

> **(A)** the character, amount, or legal status of any debt; . . .
>
> **(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47. Section 1692f provides:

> **§ 1692f.  Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

48. Plaintiff Christine Curran incorporates paragraphs 1-41.

49. This claim is against Mintom.

50. Defendant Mintom is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

51. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its

purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

52. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

53. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

54. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

55. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

56. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed.**
>
> **(27) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt. . . .**
>
> **(29) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee. . . .**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a**

**character likely to deceive, defraud, or harm the public.**

57.   A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

      i.    Compensatory and punitive damages;

      ii.    Costs.

      iii.    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

58.   Plaintiff People of the State of Illinois ex rel. Christine Curran incorporates paragraphs 1-41 and 50-55.

59.   This claim is against Mintom.

60.   Defendant violated 225 ILCS 425/4 by collecting without a license.

61.   Section 425/4 provides:

> **Sec. 4.  No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

62.   225 ILCS 425/14a provides:

> **Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if**

**character likely to deceive, defraud, or harm the public.**

57.   A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    i.    Compensatory and punitive damages;

    ii.    Costs.

    iii.    Such other and further relief as is appropriate.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

58.   Plaintiff People of the State of Illinois ex rel. Christine Curran incorporates paragraphs 1-41 and 50-55.

59.   This claim is against Mintom.

60.   Defendant violated 225 ILCS 425/4 by collecting without a license.

61.   Section 425/4 provides:

> **Sec. 4.  No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

62.   225 ILCS 425/14a provides:

> **Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if**

> **satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

　　i.　　An injunction against further collection activity in the state of Illinois;

　　ii.　　Attorney's fees, litigation expenses and costs.

　　iii.　　Such other and further relief as is appropriate.

## COUNT IV – ILLINOIS CONSUMER FRAUD ACT

63. Plaintiff Christine Curran incorporates paragraphs 1-41.

64. This claim is against Mintom.

65. Defendant's conduct, as set forth above, constituted unfair acts and practices, in violation of 815 ILCS 505/2.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

　　i.　　Compensatory and punitive damages;

　　ii.　　Attorney's fees, litigation expenses and costs.

　　iii.　　Such other and further relief as is appropriate.

9

                                                                            <u>s/Daniel A. Edelman</u>
                                                                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

T:\31134\Pleading\Complaint_Pleading.WPD

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true, to the best of her knowledge and belief.

*Christine Curran*
Christine Curran